UNITED STATES of America,
Plaintiff—Appellee,

v.

Patty Jean CYRUS, Claimant—
Appellant,

and

Clarence Edward Cyrus, a/k/a Red,
a/k/a CC, Defendant.

No. 03–2154.

United States Court of Appeals,
Fourth Circuit.

Submitted June 23, 2004.

Decided July 14, 2004.

William Isaac Diggs, Diggs, Diggs &
Axelrod, Myrtle Beach, South Carolina, for
Appellant. J. Strom Thurmond, Jr., Unit-
ed States Attorney, Mark C. Moore, Chief,
Narcotics Unit, Beth Drake, Assistant
United States Attorney, Columbia, South
Carolina, for Appellee.

Before WIDENER, GREGORY, and
DUNCAN, Circuit Judges.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

PER CURIAM.

Patty Jean Cyrus appeals the district
court's order directing the forfeiture to the
United States of certain real property in
Florence, South Carolina.* The district
court found that the property was pur-
chased with drug proceeds and that Cyrus
was not, as she claimed, the bona fide
purchaser of the property. Evidence be-
fore the court demonstrated that the prop-
erty was instead purchased by Cyrus'
brother, Clarence Cyrus, with proceeds
obtained from his distribution of cocaine
and crack.

The sole issue raised on appeal is wheth-
er the district court should have recused

---

* The court also ordered the forfeiture of
$690,000 plus interest; however, it is only the

forfeiture of the real property that Patty Cyrus
contests.

itself pursuant to 28 U.S.C. § 455(a) (2000). The district court presided at the trial and sentencing of Clarence Cyrus. At sentencing, the court commented that it believed that Cyrus and her uncle, Robert Singletary, had lied under oath when they testified that Patty Cyrus purchased the property. Cyrus claims that the court's comment disclosed that the judge had a pre-existing bias that reasonably placed in question the court's impartiality at the ancillary forfeiture proceeding.

Under § 455(a), any alleged bias ordinarily must stem from an extrajudicial source and result in an opinion on the merits that is based on something other than what the judge learned from participating in the case. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Our review of the record discloses that the court's opinion was not based on any extrajudicial source and that there existed no "deep-seated favoritism or antagonism that would make fair judgment impossible." *See id.* Accordingly, we conclude that the district court did not abuse its discretion in denying the motion for recusal, and we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*